UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,                :
                                          :
        - v.-                             :
                                          :
JOHN A. GOTTI,                            :        08 Cr. 1220 (PKC)
                                          :
                Defendant.                :
                                          :
------------------------------------------------------------x

## GOVERNMENT'S OPPOSITION TO DEFENDANT JOHN A. GOTTI'S MOTION TO TRANSFER AS "RELATED CASE"

 

LEV L. DASSIN
Acting United States Attorney for the
Southern District of New York
Attorney for the United States
    of America

ELIE HONIG
JAY TREZEVANT
Assistant United States Attorneys

   - Of Counsel -

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
UNITED STATES OF AMERICA,               :
                                        :
         - v.-                          :
                                        :
JOHN A. GOTTI,                          :     08 Cr. 1220 (PKC)
                                        :
              Defendant.                :
                                        :
------------------------------------------------------------x
```

### GOVERNMENT'S OPPOSITION TO DEFENDAT JOHN A. GOTTI'S MOTION TO TRANSFER AS "RELATED CASE"

The Government respectfully submits this memorandum in opposition to defendant John A. Gotti's motion to transfer this case from this Court to the Honorable Shira A. Scheindlin as a "related case" under the Local Rules for the Division of Business Among District Judge, dated December 30, 2008 (the "Motion"). The Motion should be denied, and the case should remain before this Court.

    **A.**    **Procedural Background**

        **1.**    **The 2004 Case**

In July 2004, a grand jury in the Southern District of New York returned an indictment charging Gotti and others with a variety of crimes including racketeering and racketeering conspiracy, in violation of Title 18, United States Code, Sections 1962(c) and (d). That case, *United States* v. *John A. Gotti*, 04 Cr. 690 (SAS) (hereinafter the "2004 Case"), was assigned to the Honorable Shira A. Scheindlin through the Clerk of Court's standard system for random assignment of cases to district judges. The grand jury subsequently returned two superseding indictments against Gotti, the last of which was returned on May 22, 2006, in

advance of Gotti's third trial.[1] That indictment charged Gotti with racketeering conspiracy, in violation of Title 18, United States Code, Section 1962(d), and racketeering, in violation of Title 18, United States Code, Section 1962(c), including four underlying predicate acts: (1) the June 1992 kidnapping of Curtis Sliwa, and conspiracy to kidnap Sliwa, in violation of New York State Penal Law, Sections 135.20, 105.10, and 20.00; (2) conspiracy to commit extortion within the construction industry from 1991 through 2005, in violation of Title 18, United States Code, Section 1951; (3) attempting to tamper with a witness, from November 2002 through March 2003, in violation of Title 18, United States Code, Section 1512(b)(1) and (3); and (4) loansharking, from 1991 through 2002, in violation of Title 18, United States Code, Sections 892, 893, 894, and 2. Gotti was ultimately tried three times in 2005 and 2006. Each of those trials resulted in hung juries and mistrials with respect to Gotti. On October 20, 2006, the Government submitted, and Judge Scheindlin signed, an order of *nolle prosequi*, dismissing the charges against Gotti.[2]

    **2.**    **The 2008 Case**

In August 2004, a grand jury in the Middle District of Florida returned an indictment of a Florida-based Gambino Family Captain, Ronald "One Arm" Trucchio, and several Gambino Family associates, in the Middle District of Florida. *See United States* v.

---

[1]    A copy of that indictment is attached as Exhibit B to Gotti's Motion.

[2]    The order of nolle prosequi did not specify whether the dismissal was with or without prejudice. It is settled that "when an indictment is dismissed before trial upon the government's motion under Rule 48(a) of the Federal Rules of Criminal Procedure, the dismissal is without prejudice to the government's right to reindict for the same offense, unless the contrary is expressly stated." *United States* v. *Ortega-Alvarez*, 506 F.2d 455, 458 (2d Cir. 1974) (citations omitted).

*Trucchio*, 273 F. App'x 836 (11th Cir. 2008). A copy of that indictment is attached as **Exhibit A** to this memorandum. As a result of the Trucchio indictment, law enforcement agents and the United States Attorney's Office for the Middle District of Florida (hereinafter, "USAO-MDFL") expanded their investigation and obtained new evidence about Gotti's criminal conduct. Among other things, the Government obtained the cooperation of various new witnesses and cooperating witnesses, including John Alite, who was Gotti's right-hand man and primary enforcer in the Gambino Family during the 1980s and early- to mid- 1990s. Alite began cooperating with the USAO-MDFL in February 2007 – which was several months after entry of the *nolle prosequi* in the 2004 Case. Alite has now pled guilty pursuant to a cooperation agreement with the USAO-MDFL to a variety of crimes, which are set forth in detail in **Exhibit B** to this memorandum. Alite will testify at trial in this Court about Gotti's participation in the majority of these crimes, including cocaine distribution and the murders of George Grosso, Louis DiBono, and Bruce John Gotterup.

On July 28, 2008, a grand jury in the Middle District of Florida returned indictment *United States* v. *John A. Gotti*, No. 8:08-cr-312-T-23EAJ, which charges Gotti with participating in a racketeering conspiracy, in violation of Title 18, United States Code, Section 1962(d) (hereinafter, the "2008 Case").[3] The indictment in the 2008 Case specifically charges Gotti with a number of underlying predicate offenses, including murder, cocaine distribution, robbery, kidnapping, extortion, jury tampering, witness tampering, loansharking, money

---

[3] The same grand jury in the Middle District of Florida also returned a companion case, *United States* v. *John A. Burke, et al.*, No. 8:08-cr-323-T-23TGW, which charged various associates of Gotti's with racketeering offenses, including the murder of Gotterup and the cocaine distribution conspiracy. A copy of that indictment is attached as **Exhibit C** to this memorandum.

laundering, and other offenses. The indictment in the 2008 Case also alleges specifically for sentencing purposes that Gotti participated in the murders of Grosso, DiBono, and Gotterup, as well as a large-scale cocaine distribution network. A copy of the indictment in the 2008 case is attached to Gotti's Motion as Exhibit A.

On December 2, 2008, the Honorable Steve D. Merryday of the Middle District of Florida ordered that the 2008 Case be transferred to the Southern District of New York, pursuant to Fed. R. Evid. 21. Gotti has attached his own Rule 21 submission, and Judge Merryday's Order, as Exhibits C and D to his Motion. The Government attaches its Rule 21 submission to Judge Merryday as **Exhibit D** to this memorandum. On December 9, 2008, the case file was received and docketed by the Clerk of Court for the Southern District of New York, assigned a criminal case number, and assigned randomly to Your Honor.

  B.  Discussion

    1.  The Local Rules Prohibit Criminal "Related Case" Transfers

Gotti moves this Court "for an order, pursuant to the Local Rules for the Division of Business Among District Judges, declaring this action related to *United States* v. *Gotti*, 04 Cr. 690 (SAS), and re-assigning the matter to the Honorable Shira A. Scheindlin." (Notice of Motion at 1). Tellingly, however, Gotti fails to identify any particular Local Rule under which he moves. In fact, the same Local Rules on which Gotti places sole reliance expressly *preclude* criminal cases from consideration as "related cases." While Local Rule 15(a) provides detailed procedures governing "related cases" in the civil context, Local Rule 15(b) provides that, unless a motion is granted for a joint trial of co-defendants, "criminal cases are not treated as related." *See also United States* v. *Abish*, 2002 WL 31426009 at *1, No. 00 Cr. 91 (RWS) (S.D.N.Y. Oct.

4

28, 2002) (discussing the impact of "the absence of a related-case rule in criminal matters" on sentencing). Nor does Gotti cite any case – and the Government is aware of no case – in which a court in this District has granted a motion by a party to transfer a criminal case from one judge to another based on a "related case" theory.

The authority that properly applies here is Local Rule 8(a), which governs random and impartial assignment of judges in all criminal cases:

> In a criminal case, after an indictment has been returned by a Grand Jury . . . the magistrate judge on duty will randomly draw the name of a judge in open court from the criminal wheel, and assign the case to said judge for all purposes thereafter.

See also United States v. Reale, 1997 WL 580778 at *2-3, No. S4 96 Cr. 1069 (DAB) (Sep. 17, 1997 S.D.N.Y.) (collecting cases holding that a party to any lawsuit has no right to have a case heard by any particular judge). Local Rule 8(a) therefore ensures the fundamental fairness and randomness of the judicial assignment process in all criminal cases. This Local Rule was properly observed in the assignment of the case to this Court. This Court should reject Gotti's effort to undermine that process through his drastic request that a randomly-assigned case be taken from one district judge of this court to another.

### B. The 2004 Case Is Different From The 2008 Case

Gotti argues that the 2008 Case here is "the same case" as the 2004 Case before Judge Scheindlin. (Dec. 30, 2008 Affirmation of Seth R. Ginsberg, Esq. ("Ginsberg Aff.") ¶ 11). Therefore, Gotti argues, transfer of the case to Judge Scheindlin will result in a "considerable savings of judicial resources." (Ginsberg Aff. ¶ 12).

First, putting aside that the Local Rules do not provide for transfer of criminal cases as "related cases," Gotti is simply wrong to describe the 2008 Case as "the same case" as the 2004 Case. While the 2004 Case involved Gotti's participation in four relatively discrete racketeering predicates, the 2008 Case involves Gotti's participation in more than two dozen separate predicate acts that have never been charged against Gotti in any jurisdiction. The 2004 Case involved no allegation that Gotti participated in murders; the 2008 Case charges Gotti with participating in three murders. The 2008 Case charges Gotti with distributing cocaine, in massive quantities, whereas the 2004 Case contained no allegations of drug trafficking. The 2008 Case also contains allegations of assaults, robberies, extortions, and schemes to tamper with witnesses and juries, none of which were part of the 2004 Case. The Government's Response to Gotti's Rule 21 Motion in the Middle District of Florida, which is attached as Exhibit D to this memorandum, provides more detail about the differences between the two cases.

In fact, Gotti's own counsel acknowledged the newness of the charges in the 2008 Case during Gotti's initial appearance and detention hearing in front of the Honorable Ronald L. Ellis:

> And I think, Judge, it's very significant for you to bear in mind that over the years people like [Sammy "The Bull"] Gravano, who were in high positions [of the Gambino Family], have cooperated. And they have given a wealth of information about various individuals, but they've never accused John Gotti of drugs or murders. . . .
>
> These charges with regard to witness tampering, obstruction, again, as the Court in its own mind questioned of Mr. Honig, have never been aired in a courtroom. And I can tell you, Judge, I've represented Mr. Gotti for quite some time. I've

> gone through a number of prosecutions here within the Southern District. *There was never a single allegation of anything like that.*

(Attachment 1 to Exh. D, Transcript of August 5, 2008 Bail Hearing at 12) (emphasis added). Thus, by Gotti's own admission, the 2008 Case charges significant new conduct. Despite having represented Gotti in the 2004 Case, and thereby having had access to full discovery in that case, Gotti's counsel stated that he never has had to address any of the allegations raised in the 2008 Case concerning the three charged murders, the charged illegal drug trafficking, or the obstruction of justice and witness and jury tampering charges.

There will, of course, be some overlap between the evidence presented in the 2004 Case and the 2008 Case. Certain discrete acts charged in the 2004 Case – including Gotti's participation in the 1992 kidnapping of Sliwa, a loansharking operation, and the extortion of the construction industry – will be at issue in the 2008 Case. As discussed above, however, this overlap involves only a small portion of the evidence to be introduced in the 2008 Case, which will cover more than twenty racketeering acts, including three murders, that were not part of the 2004 Case.

The primary area of overlap between the 2004 Case and the 2008 Case is that the charged racketeering enterprise – the Gambino Organized Crime Family – is the same. First, assuming Gotti again relies on an affirmative defense of withdrawal from the racketeering conspiracy (Ginsberg Aff. ¶ 14), then the fact that the Gambino Family existed, and that Gotti was part of it, will be uncontested at trial. Second, there is nothing remotely technical or specialized about the overlapping evidence – either the handful of overlapping racketeering acts, or the proof of the racketeering enterprise – that would render any judge in this district any more

or less able than any other judge to handle the case and trial in an effective, fair, and efficient manner.

Gotti also argues that the Government has engaged in "forum shopping" and that this somehow provides a basis to un-do the random assignment of the case to this Court and instead transfer the case to the judge of his own choosing. (Ginsberg Aff. ¶ 10). First, Gotti is wrong as a factual matter. As explained above and in further detail in connection with the Rule 21 proceeding in the Middle District of Florida (*See* Exh. D), the 2008 Case against Gotti arose in Florida as a result of an investigation conducted by the USAO-MDFL. The 2008 Case was the natural outgrowth of the USAO-MDFL's investigation that resulted in the August 2004 indictment of Gambino Family captain Ronald "One Arm" Trucchio, and several Gambino Family associates, in the Middle District of Florida. As an eventual result of the *Trucchio* case, the USAO-MDFL obtained the cooperation of new witnesses and cooperating witnesses, including John Alite. Alite was Gotti's right-hand man and primary enforcer in the Gambino Family during the 1980s and early- to mid- 1990s. After his indictment, Alite pled guilty to extensive criminal activity pursuant to a cooperation agreement with the USAO-MDFL, set forth in detail in Exhibit B to this memorandum, and informed the USAO-MDFL about Gotti's involvement in the majority of those same crimes. Notably, Alite did not even begin to cooperate until February 2007, which was several months *after* the charges in the 2004 Case were dismissed by Judge Scheindlin, on the Government's *nolle prosequi* motion. Based on this new information from Alite and other new witnesses and sources of information, the Middle District of Florida expanded its investigation, which ultimately resulted in the charges in the 2008 Case against Gotti.

8

In any event, had the Government initially charged the 2008 Case in New York rather than in Florida, this case would not have been assigned to Judge Scheindlin as a "related case," or under any other rule or procedure. Rather, in keeping with the Local Rules, which expressly disallow consideration of criminal cases as "related cases," the case would have gone into the wheel for random assignment.[4]

C. **Conclusion**

For these reasons, Gotti's motion to transfer the case as a "related case" should be denied.

Respectfully submitted,

---

[4] The Government has repeatedly charged new cases against organized crime members and associates who had been charged previously in this District. In those cases, like here, the primary overlap involved the fact that the charged enterprise existed, and that the defendant participated in the enterprise. In those cases, the newly-charged case was assigned randomly to a new judge through the wheel, rather than being assigned to the judge who handled the prior case under a "related case" theory, or any other theory. For example, Genovese Family Soldier Pasquale Deluca, a/k/a "Scop," was originally charged with various offenses in 2003 in United States v. Muscarella, et al., 03 Cr. 229 (NRB), which was randomly assigned to Judge Buchwald. He was then charged with conducting gambling operations through the Genovese Family in 2005 in United States v. Squitieri, et al., 05 Cr. 228 (AKH), which was randomly assigned through the wheel to Judge Hellerstein. He was then charged with using his position in the Genovese Family to commit extortion in United States v. Bellomo, et al., 06 Cr. 08 (LAK), which was randomly assigned to Judge Kaplan. Gambino Family associate Robert Persico was charged with racketeering and other offenses in United States v. Squitieri, et al., 05 Cr. 228 (AKH), which was assigned to Judge Hellerstein. He was subsequently charged with labor bribery and mail fraud in 2005 in United States v. Persico, 08 Cr. 255 (MBM), which was randomly assigned to Judge Mukasey through the wheel. Genovese Family associate James Pisacano was charged with **XXX** in United States v. Lou Aragona, et al., 03 Cr. 978 (BSJ), which was assigned to Judge Jones. Pisacano was then charged again in 2006 with operating an illegal gambling business on behalf of the Genovese Family in United States v. Bellomo, et al., 06 Cr. 08 (LAK), which was randomly assigned to Judge Kaplan. Genovese Family associate Brian Falco was originally charged in 2003 with **XXX** in United States v. Muscarella, et al., 03 Cr. 229 (NRB), and was subsequently charged with conspiracy to distribute narcotics in United States v. Bellomo, et al., 06 Cr. 08 (LAK), which was randomly wheeled out to Judge Kaplan.

>LEV L. DASSIN
>United States Attorney
>Southern District of New York
>
>By: _____
>Elie Honig / Jay Trezevant
>Assistant United States Attorneys
>(212) 637-2474 / (813) 274-6076