**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------x
**UNITED STATES OF AMERICA**

                                                **08 Cr. 1220 (PKC)**

   -   **against -**

**JOHN A. GOTTI,**
                      **Defendant.**
------------------------------------------------------x

**REPLY MEMORANDUM IN FURTHER SUPPORT OF
JOHN A. GOTTI'S APPLICATION FOR BAIL PENDING TRIAL**

**Preliminary Statement**

In our view, the government has failed to meet its burden (a) to show by clear and convincing evidence that no condition or combination of conditions can reasonably ensure the safety of the community; and (b) to show by a preponderance of the evidence that no conditions can reasonably assure Gotti's appearance as required.  Accordingly, we respectfully submit that the Court should release Gotti on bail pending trial.

**A.**  **The Government Has Failed to Meet Its Burden of Persuasion**.

    **1.**  **Gotti Has Rebutted the Presumption of Dangerousness**.

Gotti has satisfied his duty to produce some evidence to rebut the presumption that his release on bail poses a danger to the community.  Consequently, the burden of persuasion rests with the government to demonstrate by clear and convincing evidence that no condition or combination of conditions can ensure the safety of the community.  The legal standard, as set forth in our moving papers, is as follows:

> In a presumption case such as this, **a defendant bears a limited burden of production—not a burden of persuasion**—to rebut that presumption by coming forward with evidence that he does not pose a danger to the community or a risk of flight.  Once a defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court.

> **Even in a presumption case, the government retains the ultimate burden of persuasion by clear and convincing evidence** that the defendant presents a danger to the community. The government retains the ultimate burden of persuasion by the lesser standard of a preponderance of the evidence that the defendant presents a risk of flight.

*United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001) (internal citations omitted) (emphasis supplied).

Gotti has plainly come forward with significant evidence that his release on bail will not pose a danger to the community. The fact is, Gotti has twice before been granted bail and in neither instance has the government demonstrated that he violated his bail conditions or endangered the community in any way. To be sure, if during the course of his most recent two trials in 2005 and 2006 during which he was free on bail the government had evidence that he had violated any conditions or endangered anyone, it would have undoubtedly moved swiftly for his remand—it did not. Moreover, it does not now claim to have any evidence suggesting that his release endangered anyone.

In addition, following his third trial, which concluded in 2006, Gotti completed his supervised release in connection with his 1998 case without any indication that he endangered the community. The government attempts to undercut this fact with the claim that he violated the terms of that release by failing to pay all taxes that were "due and owing," which was a special condition of his release. The government, however, is incorrect as to the status of that matter and its significance here. Even assuming for a moment that the government is correct as to the substance of its claims regarding the tax issue—and it is not—the issue does not demonstrate that Gotti's release would pose a danger to the community and is thus wholly irrelevant here.

With respect to the substance of the issue, we proved, and the government conceded, that the special condition regarding payment of taxes "due and owing" referred to the taxes that were due and owing at the time of his sentence, and did not refer to the payment of taxes arising during the period of his supervised release as the government initially maintained.  In addition, though beyond the scope of the issue now before the Court, Gotti has worked earnestly with his accountant to resolve any outstanding tax issues that arose during the period of his lengthy incarceration and in the course of defending himself in three successive trials.

Finally, the legitimacy of his tax deductions is not, as the government claims, pending before Judge Robinson.  The government's notice of violation related to those taxes "due and owing" as per the special conditions of his supervised release.  As noted above, the government has conceded that Gotti paid those taxes and that the special conditions of his supervised release do not refer to his ongoing tax obligations.  The fact that, if Gotti failed to file a tax return, it would constitute a misdemeanor if the government were able to prove beyond a reasonable doubt all required elements, including willfulness, 26 U.S.C. § 7203, is neither at issue before Judge Robinson nor this Court.  Such a charge was not noticed in the summons that the government issued for the violation, and the time to issue a summons for a violation of supervised release has since expired.  Moreover, as mentioned above, even if the government could prove that Gotti willfully failed to file tax returns, it in no way undercuts our point that while on supervised release he did not pose any danger to the community, which is the issue before the Court now.

Accordingly, because Gotti has come forward with evidence that he faithfully adhered to his bail conditions in prior cases and posed no danger to the community while released, and that he completed his supervised release without any claim that he posed a danger to the community, he has met his burden to rebut the presumption against dangerousness.  Consequently, it is the

3

government's burden to prove by clear and convincing evidence that Gotti is in fact a danger to the community, and it has failed to do so.

### 2. The Government Has Not Proved by Clear and Convincing Evidence That Gotti Poses a Danger if Released.

The government has offered no evidence of a clear and convincing nature that Gotti currently poses a danger to the community. Instead, it relies on historical claims dating back, in some instances, in excess of 20 years. The fact of his prior conviction and his onetime association with organized crime do not rise to the level of clear and convincing evidence with respect to whether he poses a danger if released on bail *now*—particularly given his history of compliance with bail conditions, which post-dates the government's allegations.

#### a. Evidence of Gotti's Withdrawal from Organized Crime Supports Bail.

Furthermore, though the government is dismissive of Gotti's withdrawal from organized crime, the government was unable to overcome the evidence of his withdrawal in three trials. Though at trial it was required to disprove Gotti's defense beyond a reasonable doubt, we believe that its successive failure to do so renders the repetition of its efforts here of less than a clear and convincing nature.

In addition, Gotti's claim is all the stronger now in light of new evidence that has developed supporting his withdrawal. First, the conversation to which we referred in our moving papers was between cooperating witness Lewis Kasman and Joseph Corozzo (not Daniel Marino), which occurred on March 15, 2006. (Lewis Kasman Consensual Recording, dated March 15, 2006, beginning at 2.49.00). In that conversation, Kasman, clearly fishing for evidence with which the government could defeat Gotti's claim of withdrawal, pretended to be concerned that Gotti might try to interfere in a business that Kasman was conducting with Corozzo. Corozzo, however, assured Kasman that Gotti was of no concern, stating definitively

that Gotti was "gone" and "forgotten about." There is nothing in that conversation to suggest anything to the contrary.

Second, the conversation to which the government refers between Kasman and Daniel Marino does not support the government's position. To begin, this conversation is between Lewis Kasman, a cooperating witness attempting to obtain evidence against Gotti, and Daniel Marino, someone with whom the government has established in prior trials Gotti had poor relations. Moreover, it is well known that Kasman had a close relationship with Gotti's father and bore tremendous resentment and jealousy towards Gotti. Thus, this conversation is inherently suspect given the relationships between the speakers and Gotti.

Moreover, there is no indication in the conversation that Gotti sought financial assistance from anyone, yet alone members of organized crime. Taking Marino at his word, Gotti expressed to his lawyer that he was disappointed that his friends had not helped him. There is no witness whom the government will call who will testify that Gotti and Marino considered themselves friends at any point in time, much less in 2006 when the conversation occurred. The government's conclusion that this conversation demonstrates that Gotti sought criminal proceeds is pure spin and not clear and convincing evidence of anything, much less his danger to the community.

Additionally, the conversations that we referenced in our moving papers between Gotti and Ruggiero are but a small sample of the many statements in the Raybrook wiretaps in which Gotti expresses that he renounced his criminal past. The fact that his uncles were among his former associates in no way diminishes his position. Indeed, the government has long maintained that it was the Gottis who controlled the organization. His alienation from his uncles, therefore, should count as significant evidence of his withdrawal from the group. The

5

government's additional claim that Gotti was captured discussing ongoing criminal concerns is unsupported by the evidence. We note that, in the first two of Gotti's three trials, the government opted not to introduce the Raybrook recordings due to their exculpatory nature. In the third trial, the government did, however, offer the Raybrook recordings but its attempts to characterize certain conversations as evidence of continuing criminality ultimately did not succeed. After that effort failed, the government discontinued its prosecution.

The remainder of the government's claims regarding Gotti's continued involvement in organized crime are entirely unsupported by any evidence whatsoever, much less clear and convincing evidence that he poses a danger if released on bail.

    b.  **Gotti's Conduct Does Not Support Detention**.

The government has not provided any clear and convincing evidence of recent conduct that demonstrates that Gotti poses a danger if released. All of the allegations of violence are decades old. Even the alleged kidnapping and assault of Curtis Sliwa occurred in 1992. What is more, the government claims without any authority that a jury unanimously found that Gotti had committed that act. There has been no such adjudication. The government may perhaps rely upon anecdotal evidence obtained from a discharged juror in support of its statement, but it does not have any official record of that claim, as a verdict was not returned in that case with respect to the Sliwa charge or any other.

The government also resorts to the inclusion of a footnote regarding an alleged order to execute the witness John Alite. Yet the government concedes that Gotti had nothing to do with this threat. Clearly, the only reason for its inclusion is an attempt to prejudice Gotti with inflammatory information. That the government determined that it needed to include this

prejudicial information that is entirely unrelated to Gotti speaks volumes about the strength of its position.

The government also claims that Gotti has a history of jury tampering, which it claims warrants his detention here. We submit that there is no truth to those allegations, and we are confident that we can disprove them, but that is a battle for another day. More relevant for bail purposes, however, is that the government's charges again relate to cases that occurred decades ago in the 1980's and early 1990's. Notably absent from the government's claims of jury tampering is any indication that he tampered with any of the three juries in his own recent trials. In our view, for bail purposes now, the only relevant information with respect to Gotti's conduct concerning juries is that two juries were impaneled while Gotti was on bail in 2006 and there is no evidence or even a claim that Gotti tampered with either.

    c.  **The Strength of the Government's Case Does Not Support Detention**.

With respect to the fact that Salvatore Gravano and other members of the organization were unaware that Gotti participated in the charged murders, the government misses the point. We do not dispute that associates often commit violent crimes for the organization. The fact remains, however, that one would expect Gravano, the number-two man in the organization, to be aware of the participants in a murder that he organized and oversaw, particularly if one of those participants was the boss's son.

Moreover, given that the government's position is that associates commit crimes for the organization to enhance their standing within the organization, it is unfathomable that Alite participated in the DiBono murder without Gravano's knowledge, again, especially given that Gravano himself oversaw the crime. Thus, the fact Gravano was apparently unaware of Alite's

7

participation in the DiBono murder, renders suspect Alite's claim of his own involvement and in turn his claim that Gotti participated.

The importance of the credibility of the cooperating witnesses is particularly relevant in this case given the government's acknowledgement in its opposition to our application pursuant to Federal Rule of Criminal Procedure 21 (b) that it has no fact witnesses apart from its cooperators that connect Gotti to the murder charges and other violent allegations. *Government Memorandum in Opposition to Rule 21 (b) Motion at 11*.

Moreover, the government's statement that its case is strong because it relies on "John Alite, Gotti's longtime right-hand man and enforcer . . . ." *Government Memorandum in Opposition to Gotti's Bail Application at 14*, is belied by its previous claims regarding Michael DiLeonardo. In 2004, when the government sought to detain Gotti, the government told the Court that its case relied upon "former Gambino Captain Michael "Mikey Scars" DiLeonardo, who for many years was Gotti's closest confidant and right-hand man in the Gambino Family . . . ." *Government Memorandum in Support of Detention, dated August 2004, at 3*.

Putting aside for the moment the question of how many right hands Gotti has, the strength of the government's "right-hand man" argument is doubtful given its past failure. The language the government uses to describe Alite is nearly identical to the language it used to describe DiLeonardo. Yet, despite the extensive testimony of DiLeonardo, the government failed three times to convict Gotti (and did not even allege the murder and drug allegations at issue here). We submit that there is an even greater likelihood that Alite's testimony will be ineffective in the upcoming trial. At a minimum, however, the government's proffer of Alite's close relationship with Gotti cannot be deemed clear and convincing evidence in light of the fact

that the government made the same argument regarding DiLeonardo and was proved incorrect three times in a row.

In sum, Gotti has presented ample evidence to overcome the presumption of dangerousness and the government has failed to present clear and convincing evidence to the contrary.  He has been released on bail before without incident, and he has provided substantial evidence that he has withdrawn from organized crime.  By contrast, the government relies on unsubstantiated allegations of violence that are decades old.  We submit that on the record before the Court, the government has not met its burden to prove by clear and convincing evidence that no condition or combination of conditions can assure the safety of the community if Gotti is released.

**B.  Gotti Is Not a Risk of Flight**.

We do not believe that the government has proved by a preponderance of the evidence that no condition or combination of conditions can assure Gotti's appearance as required.  The cases that the government cites regarding the use of elaborate bail packages to ensure the safety of the community relate to the issue of dangerousness.  We do not believe that an elaborate bail package is necessary to ensure the safety of the community and do not propose such a package.  We do, however, properly propose that Gotti's bail be secured by the homes of his relatives, which will provide an element of moral suasion to give the Court confidence that Gotti will appear as required.

With respect to the sentence that he faces in this case as compared with the sentence he faced in his last case, the government now minimizes the sentence that Gotti faced before.  In 2004, however, when the government sought his detention, it said the following: "At 40 years of age, Gotti currently faces the daunting prospect that, if convicted at trial, he will spend the better

9

part of his remaining days (if not all of them) in prison." *Government Memorandum in Support of Detention, dated August 2004, at 5*. In that case, the government conceded that Gotti was not a risk of flight. The government now suggests that the prospect of a life sentence should require his detention as a flight risk. There is simply no evidence that Gotti poses a flight risk. There were news articles in advance of his indictment and government agents communicated to him the fact that he would soon likely be indicted. He did not run or hide; it is simply not in his nature.

Accordingly, we submit that the government has failed to meet its burden to prove by a preponderance of the evidence that no condition or combination of conditions can ensure Gotti's appearance as required.

## **CONCLUSION**

For the foregoing reasons, together with those set forth in our moving papers, we respectfully submit that the Court should revoke the detention order issued by Magistrate Judge Ellis and release Gotti on bail pending trial.

Dated: January 14, 2009
New York, New York                                            Respectfully submitted,

_____/s/_____
CHARLES CARNESI
Attorney at Law
1225 Franklin Avenue, Suite 325
Garden City, NY 11530
516-512-8914
cfcarnesi49@aol.com

_____/s/_____
SETH GINSBERG
Attorney at Law
225 Broadway, Suite 715
New York, NY 10007
212-537-9202
srginsberg@mac.com

*Attorneys for John A. Gotti*

10